# SUPREME COURT.

## IN THE MATTER OF THE PETITION OF JOHN R. CECIL and Others.

In an election for directors of a *Gas Light Company*, the inspectors of the election have no power to try and determine the *genuineness of the proxies* offered to be voted upon. If they are apparently the acts of the stockholders, and regular upon their face, that ends the matter so far as the inspectors are concerned.

Nor have the inspectors the power to require a stockholder voting in person or by proxy, to make affidavit that the stock is *not hypothecated*.

An objection that this proceeding applies only to *monied* corporations is not sustainable. The Revised Statutes applies to all corporations except libraries, religious societies, and certain monied institutions.

*New York, Special Term, February,* 1969.

THIS was an application on the part of the petitioners to set aside the election of *three* out of the *twelve* directors of the Meteropolitan Gas Light Company.

The grounds of the application were alleged irregularities on the part of the inspectors who conducted the election.

It was decided by the inspectors that proxies presented by persons who offered to vote in that way, could not be received, if objected to, unless the execution of the same was proved by the certificate of some officer duly authorized to take acknowledgments of the execution of instruments, or by the proof or affidavit of its execution by a subscribing witness. A sufficient number of votes to have elected the petitioners over the respondents were rejected for such reasons; other votes were also rejected on the ground that the stockholder offering to vote in person, declined to make an affidavit that the stock owned by him was not hypothecated. It was also decided by the inspectors that no proxy could be voted on unless the same was accompanied by an affidavit that

the shares on which said proxy was given, had not been hypothecated by the person who gave the proxy.

JOHN E. BURRILL, *for the petitioner.*
WILLIAM H. ARNOUX, *for respondent.*
HOOPER C. VAN VORST, *for the corporation.*

CARDOZO, J.    The inspectors entirely mistook their powers and duties.    They are purely ministerial officers.

When a proxy apparently executed by the stockholder, regular in form was presentnd to them, they had no right to refuse to receive the vote, or assume to themselves the power of a judicial tribunal to try its genuineness.    If it were apparently the act of the stockholder, and regular upon its face, that ended the matter so far as the inspectors were concerned.    If for any reason, not apparent upon its face, it was invalid, redress must be sought from the courts after the election, if its being used worked any detriment.

The question whether the stock was hypothecated, was wholly immaterial, this not being a monied corporation.

The preliminary objection that this proceeding only applies to monied corporations is not well taken.

The proceeding of course could not be taken under the act in relation to monied corporations (1*st Ed. Stat., p.* 554 § 47, 48) but it is within the 1st R. S. (*Ed. Stat.*), p. 560 § 5, which applies to all corporations except libraries, religious societies and certain monied institutions.

The election as to the three directors mentioned in the petition must be set aside and a new election ordered.    The provisions of the order will be settled on notice.